## STATE, ex rel. CLEVELAND CONCESSION CO., Plaintiff-Appellee, v. CLEVELAND (City) et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22026.   Decided June 18, 1951.

Spieth, Spring & Bell, Morton Stotter, Cleveland, for plaintiff-appellee.

Lee C. Howley, Director of Law, Jos. F. Smith, Asst. Director of Law, Parker Fulton, Special Counsel, Cleveland, for defendant-appellant.

(CARPENTER, PJ, FESS, J, CONN, J, of the 6th District sitting by designation in the 8th District.)

## OPINION

By FESS, J.

Separate appeals on questions of law by respondents and relator from a judgment of the Common Pleas Court. The respondents are the City, the several members of its Board of Control, including the Mayor and the Director of Public Properties.

Relator, an unsuccessful bidder for a public contract, brought its action against the respondents, in which it alleges that it is the highest responsible bidder for the contract for the operation of the concessions at the Cleveland Municipal Stadium for a period of ten years and that respondents awarded said contract to Berlo Vending Corporation (not a formal party herein and hereinafter referred to as "Berlo"); that respondents have failed in their duty in awarding the contract to Berlo; that upon the basis of all bids submitted, relator is the only qualified bidder and is therefore the highest qualified bidder and that the award to Berlo was a clear violation of the discretionary powers, duties and obligations of the respondents; that relator has been wrongfully and illegally deprived of said award and has no plain or adequate remedy at law. Relator prays that a writ of mandamus issue and respondents be ordered to rescind the award to Berlo and also be ordered to award said contract to relator.

After a somewhat extensive hearing the trial court found that Berlo was not a qualified bidder in that it did not possess the necessary requisites and qualifications contained in the specifications and referred to in the invitation to bid; that relator was a qualified bidder; and that respondents violated their legal duty in awarding the contract to Berlo and that such award was contrary to law; and that the relator was entitled to the writ.

The court decreed that the award made to Berlo and that the contract made pursuant thereto, be set aside and held for naught; and ordered respondents to award and enter into a contract, in accordance with a bid received from a qualified bidder, or, in the alternative, to reject all bids and readvertise with the same or other suitable substitute specifications, or to take such other action as may be authorized, according to law. A peremptory writ of mandamus was ordered issued for such purpose.

Respondents appeal from the judgment cancelling the award and the contract. Relator appeals from the failure of the court to award the bid and contract to it.

On February 27, 1950, the Cleveland City Council enacted an ordinance providing for the concession agreement, Section 1 of which reads as follows:

"That the Director of Public Properties be and he hereby is authorized and directed to enter into a concession agreement with the highest responsible bidder, after advertising as provided by Section 108 of the Charter of the City of Cleveland, for the privilege of operating the refreshment and merchandise concession at the Cleveland Stadium for a period not exceeding ten years subject to the terms and conditions set forth in the Invitation to Bid."

It will be noted that no comma appears between the words "years" and "subject." The limitation should therefore be considered to apply to the privilege of operating the concession and not by way of a limitation upon the phrase "highest responsible bidder."

Although the Director of Public Properties was the only official authorized and directed to enter into the agreement and no reference was made in the ordinance to the Board of Control, the advertisements for bids, as well as the invitation to bid, indicate that the bids were to be considered and the award was to be made by the Board of Control. In the brief of respondents it is stated that it is admitted by the pleadings that the Board of Control is invested with the power of awarding contracts after the taking of bids for municipal contracts. However, the record fails to disclose the power and duty of the Board of Control pursuant to which it acted incident to the awarding of the instant contract. Since the authority of the Board as such is not attacked, we assume that it acted pursuant to law and had the authority to approve the award of the contract in advance of its execution. Cf. §4403 GC. The advertisement recites in part:

"The City of Cleveland reserves the right by its Board of Control to reject any and all bids. In determining the highest responsible bidder, the Board of Control will **consider** in addition to the compensation offered, the **terms** and **conditions** set forth in the Invitation to Bid. In considering the said bid or proposal, the Board of Control may consent to modifications of such terms, conditions and provisions, and to the addition of other terms, conditions and provisions, provided the same are favorable and beneficial to the City of Cleveland and do not materially or substantially affect the proposed agreement. The proposed agreement shall be prepared by the Director of Law and shall be executed by the Director of Public Properties."

The above provisions were incorporated in the Invitation to Bid. Section 14 provides in part:

"The City, through the Board of Control, reserves the right to accept or reject any or all bids. In awarding the contract, the City reserves the **right to consider** all elements entering into the determination of the responsibility and qualifications of the bidder, **including prior experience.**"

Relator relies upon Section 16 of the Invitation to Bid providing that **no bid** will be awarded to any bidder not having the following qualifications:

"A. The bidder must be actively engaged in the operation of concessions, substantially similar to those contemplated in this proposal, such operations having involved the servicing of single event attendance of 70,000 or more persons. In addition thereto, if bidder is a corporation or a partnership, then at least one executive officer or partner must possess the qualifications herein set forth.

"B. The pecuniary resources and necessary facilities to fulfill the conditions of the contract and specifications herein set forth.

"C. Adequate and responsible personnel in order to make available the services and facilities necessary to render an efficient operation hereunder."

But assuming the contention of the relator that Berlo did not have the required experience be correct, can it be said that upon the record before the trial court that the Director of Public Properties did not enter into the agreement with "the highest responsible bidder?" As above indicated, the limitation in the ordinance with respect to the terms and conditions of the Invitation refers to the terms of the concession agreement and did not limit the authority of the Director to make the agreement containing such terms and conditions with the highest responsible bidder, Berlo submitted the next highest bid. Relator's bid was the lowest bid. It was estimated that the Berlo bid would yield annually $60,000.00 more to the City than relator's bid. Berlo was financially responsible and was the highest bidder except for one other bidder, who apparently did not qualify as responsible. There is no contention here that the contract should have been awarded to the highest but not responsible bidder. Since we are not advised as to the duties and responsibility of the Board of Control, except as alleged on page 7 of the answer, we could assume that its members acted merely in an advisory capacity. The resolution of the Board of Control (Ex. 14) affirms and approves the Berlo bid as the highest responsible bid and **requests** the Director to enter into a **contract** for the concession.

Upon the state of the record before us, the action of the Board of Control is immaterial. Under the ordinance, the Director could refuse to abide by the request of the Board and enter into the agreement with the highest responsible bidder. Under the evidence, the relator was the lowest bidder and Berlo was the next highest bidder.

Relator's contention would require the Director to determine that notwithstanding Berlo was responsible, it did not have experience in handling 70,000 people and therefore that the agreement should have been made with the lowest responsible experienced bidder. Faced with this conflict, the Director exercised his discretion under the ordinance and entered into the contract with the highest responsible bidder. In failing to enter into a contract with the lowest responsible bidder, there was and could be no abuse of discretion. The Director, by mandamus, therefore could not be ordered to award the bid and make the agreement with the relator. The judgment below with respect to the denial of this relief must be affirmed.

But the trial court also found that Berlo did not meet the qualifications prescribed by Section 16 of the Invitation to Bid, and decreed that the award made to the Board and the contract thereafter made with Berlo be set aside.

Paragraph A of Section 16 of the Invitation to Bid is set forth above. The second sentence provides:

"In addition thereto, if the bidder is a corporation or a partnership, then at least one executive officer or partner must possess the qualifications herein set forth."

Relator contends that if the bidder is a corporation or partnership that in addition to active engagement in the operation of substantially similar concessions, the bidder must also have an executive officer or partner with such qualifications. Respondents assert that the phrase "in addition thereto" merely incorporates an additional proviso in the preceding sentence. The language presents such an ambiguity as to require construction in the light of the terms of the bid as a whole and the circumstances surrounding the preparation of the Invitation to Bid. The purpose of the Invitation to Bid was to obtain the highest responsible bid. In securing responsible bids, experience was a very important factor. The Board did not want to be bothered by the necessity of considering a number of irresponsible bids. The specifications froze out the grocery clerks. In Section 14 it was provided, in addition to the right to reject any and all bids, that the City reserved the right to consider all elements entering into determining the responsibility and qualifications of the bidder, including prior experience. This provision was fur-

ther emphasized in Section 16. In the light of these considerations, the second sentence of Section 16-A should be construed as requiring a corporate bidder to have an executive officer having the same qualifications as those prescribed by the individual bidder.

The evidence with respect to the experience of the vice-president of Berlo was conflicting and we are therefore unable to find that the finding on this issue was against the weight of the evidence.

But assuming, without deciding, that the relator as an unsuccessful bidder has such an interest in the award made to Berlo as affords it the right to bring the action and obtain the cancellation of the award and contract, does the record disclose an abuse of discretion on the part of the Board of Control and the Director?

The gravamen of relator's complaint is the failure of the Board to reject the Berlo bid. As indicated above, the evidence is in dispute as to Berlo's previous experience. Whether or not the bid should have been rejected was within the sound discretion of the Board of Control. As in the case of the Director, it would have required a finding that notwithstanding Berlo was the highest responsible bidder, it did not have an executive officer with experience in handling 70,000 people. Under these circumstances, there was no abuse of discretion on the part of the Board in failing to reject the Berlo bid and there was likewise no abuse of discretion in awarding the contract to the highest responsible bidder. As above indicated, since the Director entered into the contract with the highest responsible bidder upon the terms and conditions set forth in the Invitation to Bid, there was no abuse of discretion on his part.

Mandamus will not lie to control discretion unless it be clearly shown that the refusal to perform the desired act is an abuse of discretion. **State ex rel. v. Industrial Commission, 144 Oh St 619.** Cf. **State ex rel. v. Cook, 146 Oh St 348.**

The judgment is reversed and final judgment entered for respondents.

CARPENTER, J, CONN, J, concur.